UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONYA MARIE WHITE

      Plaintiff,

vs.                                  Case No.  3:12-cv-367-J-MCR

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**O R D E R**

   **THIS CAUSE** is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 29) filed April 23, 2013.  Plaintiff certifies the Commissioner has no objection to the Motion.  Id.  This Motion follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Doc. 28).

**A.  Eligibility for Award of Fees**

   Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

1.  Prevailing Party

The Judgment in this case (Doc. 28), entered March 6, 2013, reversed the final

decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and

remanded the case for further consideration.  The Supreme Court has made clear that a

plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer,

509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the

prevailing party in this case.

2.  Timely Application

A plaintiff must file an application for fees and other expenses within thirty days

of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is

defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).

Because the Commissioner normally has sixty days in which to appeal, a judgment

typically becomes final after sixty days.  Rule 4(a)(1)(B), Fed.R.App.P.  The plaintiff then

has thirty days in which to file his or her application.  Therefore, an application is timely

filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S.

at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir.

1996).  Here, the Judgment was entered on March 6, 2013, and the instant Motion was

filed April 23, 2013, forty-eight days later.[1]  Accordingly, the Court finds the Motion was

timely filed.

---

[1]  The Court notes the Application was filed before the Application became final.  However, as the Commissioner has no objection to the Application, the Court will proceed to rule on the request for fees.

3. <u>Claimant's Net Worth</u>

Plaintiff asserts that her net worth is "well below two million dollars."  (Doc. 29, p.4).  Accordingly, the Court finds this element is satisfied.

4. <u>Government's Position Not Substantially Justified</u>

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole.  <u>See</u> <u>United States v. Jones</u>, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not object to the Motion and therefore, the Court finds her position was not substantially justified.

5. <u>No Special Circumstances</u>

The Court finds no special circumstances indicating an award of fees would be unjust.

## B.  Amount of Fees

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court will now turn to the reasonableness of the amount of fees sought.  Plaintiff requests an award of $3,920.10 in attorney's fees, representing a total of 21.5 hours at an hourly rate of $182.33.  (Doc. 29).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The

Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate.  Because the Commissioner does not oppose Plaintiff's proposed hourly rate of $182.33, the Court will adopt this rate.

The Plaintiff seeks an award based on a total of 21.5 hours of attorney time.  The Court believes 21.5 hours of attorney time is reasonable in this case.  Therefore, The Court finds the requested fee of $3,920.10 is a reasonable fee in this case.

## C.  Payment of Fees

In Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521 (2010), the Supreme Court implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney.  In light of this, Plaintiff asserts that after the Court grants Plaintiff's request for attorney's fees, the Commissioner will determine whether Plaintiff owes a debt to the government.  If Plaintiff does not owe any such debt, the Commissioner will accept Plaintiff's Assignment of EAJA fees and will pay the fees directly to Plaintiff's counsel.  As such, the Court will leave to the parties the issue of to whom the fees shall be paid.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.      Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 29) is **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,920.10 for attorney's fees.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __24th__ day of

April, 2013.

Copies to:

Counsel of Record

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE